## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MidCountry Bank, | Case No. _____ |
| Plaintiff, | |
| v. | **SECOND AMENDED COMPLAINT** |
| Jack Rajchenbach, Chaim Rajchenbach and Robert Hartman, | |
| Defendants. | |

Plaintiff MidCountry Bank ("MidCountry"), for its Complaint against Defendants Jack Rajchenbach ("J. Rajchenbach"), Chaim Rajchenbach ("C. Rajchenbach") and Robert Hartman ("Hartman") (collectively, "Defendants"), states and alleges as follows:

### THE PARTIES

1. MidCountry is a federal savings bank with its home office located at 7825 Washington Avenue South, Suite 120, Bloomington, Minnesota 55439. Pursuant to 12 U.S.C. § 1464(x) MidCountry is therefore a citizen of the State of Minnesota.

2. J. Rajchenbach is an individual resident of and is domiciled in Illinois with an address of 6633 N. Lincoln Avenue, Lincolnwood, Illinois 60712. J. Rajchenbach is therefore a citizen of the State of Illinois.

3. C. Rajchenbach is an individual resident of and is domiciled in Illinois with an address of 7040 N. Ridgeway Avenue, Lincolnwood, Illinois 60712. C. Rajchenbach is therefore a citizen of the State of Illinois.

4. Hartman is an individual resident of and is domiciled in Illinois with an address of 3451 Glendale Avenue, Chicago, Illinois 60659. Hartman is therefore a citizen of the State of Illinois.

## JURISDICTION AND VENUE

5. This court has personal jurisdiction over the Defendants under Minnesota's Long Arm Statute, Minn. Stat. § 543.19, subd. 1.

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. MidCountry and the Defendants are citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 2201 because this is a declaratory judgment action arising out an actual controversy among the parties.

7. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) pursuant to the parties' contractual agreement and because a substantial portion of the events giving rise to MidCountry's claims against the Defendants occurred in this District.

## BACKGROUND

8. MidCountry, as lender, has provided loans and other accommodations to SK International, Inc. and/or Materials Processing, LLC (f/k/a Materials Processing Corporation) (collectively, "Borrower").

9. To secure payment and performance of each and every debt, liability and obligation of every type and description which the Borrower owed or owes to MidCountry (collectively, "Obligations"), MidCountry required the Defendants to

Exhibit B

execute and deliver to MidCountry guaranties that, among other things, guarantee repayment of the Obligations.

10. The Defendants are affiliates of the Borrower and the Defendants received a direct financial benefit from the loans and financial accommodations made to the Borrower by MidCountry.

11. Each Defendant executed and delivered in favor of MidCountry a Limited Guaranty Agreement dated August 29, 2004. Copies of each Defendant's Limited Guaranty Agreement are attached as **Exhibits A - C**.

12. Each Defendant agreed, under their separate and respective Limited Guaranty Agreement to, among other things: "unconditionally [guaranty] to [MidCountry] (a) the full and prompt payment of the Obligations when and as the same shall become due. . . ."

13. Each Defendant agreed, under their separate and respective Limited Guaranty Agreement to, among other things: "be and remain liable, to the fullest extent permitted by applicable law, for any deficiency remaining after foreclosure of any mortgage or security interest securing the Obligations. . . ."

14. Each Defendant agreed, under their separate and respective Limited Guaranty Agreement to, among other things: "pay all the costs, expenses and fees, including reasonable attorney's fees, which may be incurred by [MidCountry] in enforcing or attempting to enforce [the Limited Guaranty Agreement] following any default on the part of the Guarantor hereunder, or any Event of Default under any of the Agreements, whether the same shall be enforced by suit or otherwise."

15. Exclusive of MidCountry's costs, expenses fees, including attorney's fees, each Defendants' guaranty obligations, under their separate and respective Limited Guaranty Agreement, include, among other things: "the lesser of (i) $750,000 or (ii) the amount by which the then current outstanding principal amount of the Revolving Loans outstanding under the Revolving Credit Facility exceeds the then current amount of the Borrowing Base as determined without giving effect to the over-advance amount of clause (d) of the definition of Borrowing Base as set forth in the Credit Agreement, dated as of December 31, 2011 among [MidCountry] and the Borrower, as amended from time to time, (the "<u>Credit Agreement</u>"); plus interest on such amount at the Revolving Interest Rate accruing after written demand is made for payment hereunder until such payment is made."

16. The Borrower materially defaulted under its loan obligations with MidCountry by, among other things, failing to pay to MidCountry amounts due and owing under the applicable loan documents.

17. At the time of such defaults, the Borrowing Base exceeded $750,000.

18. By written demand, MidCountry demanded each Defendant to pay $750,000 pursuant to the clear and unambiguous terms of each Defendant's Limited Guaranty Agreement.

19. Despite written demand, which demand is hereby renewed, each Defendant has failed, refused and neglected to pay their respective obligations as expressly prescribed by each of their Limited Guaranty Agreements. This constitutes a default under and material breach of each Defendant's Limited Guaranty Agreement.

Exhibit B

20. The Defendants have disputed the extent of their liability owed under the express terms of the Limited Guaranty Agreements.

21. Specifically, and despite the clear and unambiguous provisions of the Limited Guaranty Agreements, the Defendants dispute they are each liable for the Obligations pursuant to the terms of the Limited Guaranty Agreements.

## COUNT I
## DECLARATORY JUDGMENT (ALL DEFENDANTS)

22. MidCountry restates and realleges the preceding paragraphs under this Complaint as though fully set forth herein.

23. An actual, justiciable, and continuing dispute and controversy exists between MidCountry and the Defendants with respect to their rights and obligations under the Limited Guaranty Agreements.

24. A judicial declaration is necessary to establish MidCountry's rights and Defendants' duties under the Limited Guaranty Agreements.

25. Pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, this Court is empowered and obligated to declare the rights and liabilities of the parties and to give further relief as may be necessary.

26. MidCountry is entitled to the following judicial declarations:

(a) J. Rajchenbach's liability under his Limited Guaranty Agreement is an amount equal to the Obligations, including any deficiency, but not to exceed $750,000, plus interest and plus MidCountry's attorneys' fees and costs;

Exhibit B

(b)     C. Rajchenbach's liability under his Limited Guaranty Agreement is an amount equal to the Obligations, including any deficiency, but not to exceed $750,000, plus interest and plus MidCountry's attorneys' fees and costs; and

(c)     Hartman's liability under his Limited Guaranty Agreement is an amount equal to the Obligations, including any deficiency, but not to exceed $750,000, plus interest and plus MidCountry's attorneys' fees and costs.

## COUNT II
## BREACH OF CONTRACT (ALL DEFENDANTS)

27.     MidCountry restates and realleges the preceding paragraphs under this Complaint as though fully set forth herein.

28.     The Limited Guaranty Agreements are valid and binding contracts.

29.     Borrower's defaults under the loan documents and Defendants' failure to perform their guarantor obligations in connection with the loans and other accommodations MidCountry made to Borrower entitle MidCountry to exercise all of its rights and remedies under the Limited Guaranty Agreements, including, but not limited to, the right to recover all amounts due and owing under the Limited Guaranty Agreements, plus all additional interest, charges, attorneys' fees, and costs.

30.     Defendants, as guarantors, are unconditionally and absolutely liable for all amounts due and owing under the Guaranty Agreements. Despite written demand, Defendants have failed and refused to pay such amounts. This constitutes a default under and material breach of the Limited Guaranty Agreements.

31. As a direct and proximate result of Defendants' default and material breach of the Limited Guaranty Agreements, MidCountry has suffered, and continues to suffer, damages.

32. MidCountry therefore requests that the Court enter an Order: (a) finding that Defendants have breached their obligations under the Limited Guaranty Agreements and (b) awarding damages in favor of MidCountry and against Defendants, jointly and severally, in an amount in excess of $75,000.00, along with all accrued interest, additional charges, attorneys' fees, and costs.

**COUNT III**
**ALTERNATIVE CLAIM FOR**
**UNJUST ENRICHMENT (ALL DEFENDANTS)**

33. MidCountry restates and realleges the preceding paragraphs under this Complaint as though fully set forth herein.

34. As affiliates of Borrower, Defendants have received a direct financial benefit from the loans and other financial accommodations made to Borrower by MidCountry.

35. MidCountry entered into the Limited Guaranty Agreements with the reasonable expectation of payment from Defendants upon the occurrence of, among other things, Borrower's default under the loan documents.

36. Defendants have been unjustly enriched by retaining, utilizing and benefiting from the loans and other financial accommodations made to Borrower by MidCountry while failing to comply with the terms of the Limited Guaranty Agreements.

37. It would be unjust for Defendants to benefit from their wrongful conduct.

Exhibit B

38. Defendants would be unjustly enriched it they were allowed to disregard their obligations to MidCountry and wrongfully retain the loans and other financial accommodations made to Borrower by PNC.

39. As a direct and proximate result of Defendants' wrongful actions, MidCountry has incurred and is entitled to recover damages against Defendants, jointly and severally, in an amount in excess of $75,000.00, along with all accrued interest, additional charges, attorneys' fees, and costs.

**WHEREFORE**, MidCountry hereby requests this Court grant the following relief:

1. The following judicial declarations:

    (a) J. Rajchenbach's liability under his Limited Guaranty Agreement is an amount equal to the Obligations, including any deficiency, but not to exceed $750,000, plus interest and plus MidCountry's attorneys' fees and costs;

    (b) C. Rajchenbach's liability under his Limited Guaranty Agreement is an amount equal to the Obligations, including any deficiency, but not to exceed $750,000, plus interest and plus MidCountry's attorneys' fees and costs; and

    (c) Hartman's liability under his Limited Guaranty Agreement is an amount equal to the Obligations, including any deficiency, but not to exceed $750,000, plus interest and plus MidCountry's attorneys' fees and costs.

2. A judgment against Defendants awarding damages to MidCountry in an amount to be determined by motion or at trial, plus interest as provided by law.

3. An award to MidCountry of its costs, disbursements, and attorneys' fees.

Exhibit B

4. Such other and further relief as the Court deems just and equitable.

Exhibit B

| | |
|---|---|
| Dated:  October 16, 2015 | **BRIGGS AND MORGAN, P.A.** |

                                                                               By: *s/ Daniel N. Moak*
                                                                                           Justin P. Weinberg (MN #0313798)
                                                                                          Daniel N. Moak (MN #0347474)
                                                                                2200 IDS Center
                                                                                80 South Eighth Street
                                                                                Minneapolis, Minnesota  55402-2157
Telephone:   (612) 977-8400
Facsimile:   (612) 977-8650
Email:       jweinberg@briggs.com
             dmoak@briggs.com

**ATTORNEYS FOR PLAINTIFF MIDCOUNTRY BANK**

7256830v5

10

Exhibit B